# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES ESTRELLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-765-SDJ-KPJ |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant United States of America's ("Defendant") Motion to Dismiss (the "Motion") (Dkt. 15), wherein Defendant requests the Court dismiss Plaintiff James Estrello's ("Plaintiff") claims pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. *See* Dkt. 15 at 1. Plaintiff filed a response (Dkt. 20). For the reasons that follow, the Court recommends the Motion (Dkt. 15) be **GRANTED IN PART** and **DENIED IN PART**, and that this matter be transferred to the Northern District of Texas.

### I.     BACKGROUND

On September 6, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the "Motion for Return of Property" (Dkt. 1), in which Plaintiff requests his property (the "Property") be returned to him pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. *See* Dkt. 1 at 1. Plaintiff requests the following:

> I am asking you your honor if you can have the AUSA return my property which is a cell phone[,] i[P]hone VI[,] which [has] pictures of my grandmother and family that have sentimental value to me that can never be replaced. There [are] also DVR[]s[1] that go to a camera system and $2,800 dollars that was not [in the]

---

[1] It is not clear whether Plaintiff is referring to digital video recorders ("DVRs") or digital video discs ("DVDs"). *See* Dkt. 1. Defendant asserts Plaintiff is requesting the return of his iPhone, "DVDs that appear to be included on the DEA's December 2018 inventory," and the "return of $2,800 that was not actually seized from him." Dkt. 15 at 2.

> indictment or seiz[ure]s to be taken from me [sic]. Your honor if you could please help me get my property returned to me it would be highly appreciated.

*Id.*

On November 10, 2022, the Court issued an Order in which it explained that Rule 41(g) requires such a motion be filed in the district where the Property was seized, and ordered Plaintiff provide his reasoning and factual support regarding the location of the Property at the time it was seized. *See* Dkt. 5. On December 28, 2022, Plaintiff filed a response to the Court's November 10, 2022 Order (Dkt. 5), asserting the Eastern District of Texas has proper jurisdiction over this matter. *See* Dkts. 7, 8. On January 18, 2023, summons was issued as to Defendant. *See* Dkt. 12.

On March 13, 2023, Defendant filed the Motion (Dkt. 15), requesting the Court dismiss this action in its entirety pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, as the Eastern District of Texas is not the proper venue for Plaintiff's request under Rule 41(g). *See* Dkt. 15 at 4. Defendant asserts the Property was seized from Plaintiff's home in Dallas, Texas, which is located in the Northern District of Texas. *See id.* In support, Defendant includes the Seizure Warrant and Application (Dkt. 15-1), the Drug Enforcement Administration ("DEA") Inventory (Dkt. 15-2), and Plaintiff's Consent to Search (Dkt. 15-3).

On April 4, 2023, the Court ordered Plaintiff to file a response to the Motion (Dkt. 15), if any. *See* Dkt. 17. On April 17, 2023, Plaintiff filed a response (Dkt. 20), wherein he asserts the following:

> I am respon[ding] on the motion to dismiss my Rule 41(g)[.] [I] got the [l]etter of it being [d]ismiss[ed][.] Thank you for your help[.] Sorry it was in the wrong district[.] Thank you and hav[e] a bless[ed] day.

*Id.* at 1.

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for improper venue. *See* FED. R. CIV. P. 12(b)(3). When deciding a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). "However, the Court may consider evidence in the record beyond the facts alleged in the [complaint] and its attachments, including affidavits or evidence submitted by [the defendant] in support of its motion to dismiss, or by [the plaintiff] in response to the motion." *Galderma Lab'ys., L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 605–06 (N.D. Tex. 2017) (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008)). While the Fifth Circuit has not ruled on the issue of which party bears the burden on a Rule 12(b)(3) motion, courts within the Circuit have imposed the burden on the plaintiff once the defendant has objected to the plaintiff's chosen forum. *See, e.g.*, *id.* at 605; *Suter v. United States*, No. 3:18-cv-2693, 2020 WL 874812, at *2 (N.D. Tex. Jan. 28, 2020), *R. & R. adopted*, 2020 WL 870225 (N.D. Tex. Feb. 21, 2020); *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 458 (S.D. Tex. 1996). If venue is improper, the court has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper. *See* 28 U.S.C. § 1406(a).

## III.  ANALYSIS

A person whose property has been seized by the government may file a motion under Federal Rule of Criminal Procedure 41(g), formerly codified in Rule 41(e), for the return of the property:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be

3

> filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g). When a Rule 41(g) motion is filed after the criminal proceedings have concluded, the motion is considered a civil equitable action for return of property under 28 U.S.C. § 1331. *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (per curiam); *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). Furthermore, "Rule 41(g) expressly requires that the 'motion must be filed in the district where the property was seized.'" *Montes v. United States*, No. 4:14-CV-257, 2015 WL 1246252, at *3 (E.D. Tex. Mar. 16, 2015) (citing *United States v. Scully*, No. SA:10-cr-593, 2013 WL 3338593, at *2 (W.D. Tex. July 2, 2013)); *see also Industrias Cardoen, Ltda. v. United States*, 983 F.2d 49, 51 n.1 (5th Cir. 1993) ("A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.").

While Plaintiff originally asserted that his request under Rule 41(g) was properly filed in the Eastern District of Texas, Plaintiff now concedes that venue is improper. *See* Dkt. 20. In reviewing the Seizure Warrant and Application (Dkt. 15-1), the DEA Inventory (Dkt. 15-2), and Plaintiff's Consent to Search (Dkt. 15-3), it is apparent that the Northern District of Texas is the proper venue for Plaintiff's claims, as the property was seized in the Northern District of Texas. Accordingly, the only remaining question is whether the matter should be dismissed or whether, in the interest of justice, this matter should be transferred to the Northern District of Texas.

The Government has not briefed the merits of Plaintiff's request under Rule 41(g), but rather has focused the thrust of its arguments as to venue being improper. *See* Dkt. 15 at 4. Accordingly, as the parties have not fully briefed the merits of Plaintiff's claims, the Court finds

that the interest of justice and judicial economy weigh in favor of transfer rather than dismissal. *See Price v. United States*, No. 4:18-CV-796, 2019 WL 6519382, at *3 (E.D. Tex. Sept. 6, 2019), *R. & R. adopted*, 2019 WL 6492597 (E.D. Tex. Dec. 3, 2019) (citing 28 U.S.C. § 1406(a)); *see also Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) ("[A] federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967))); *Glazier Grp., Inc. v. Mandalay Corp.*, Civ. A. No. H-06-2752, 2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007) ("To transfer a case under section 1406(a), it is enough simply that the court thinks transfer is in the interest of justice.") (citation and internal quotation marks omitted).

Accordingly, this matter should be transferred to the Northern District of Texas.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 15) be **GRANTED IN PART** and **DENIED IN PART** as follows: **GRANTED** to the extent Defendant seeks to assert that venue is improper in the Eastern District of Texas and **DENIED** to the extent Defendant seeks to dismiss Plaintiff's claims under Rule 12(b)(3) of the Federal Rules of Civil Procedure. The Court further recommends this matter be transferred to the Northern District of Texas.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

5

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 28th day of April, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE