IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ESTRELLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-01573-E-BT |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this civil action, *pro se* Plaintiff James Estrello seeks the return of an iPhone VI that was seized by law enforcement during the execution of a search warrant. As explained below, the District Judge should deny Estrello's request for return of the iPhone and grant summary judgment in Defendant's favor of because the United States is not in possession of the requested property.

## Background

Estrello was convicted in the Eastern District of Texas of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B), 846.[1] *See United States v. Estrello*, 4:18-CR-00216-ALM-CAN (E.D. Tex.). As part of the investigation underlying his conviction, United States Drug Enforcement Administration (DEA) agents and Dallas Police Department (Dallas PD) officers

---

[1] He is currently serving a 125-month sentence. *See* J. (ECF No. 1120) in *United States v. Estrello*, 4:18-CR-00216-ALM-CAN (E.D. Tex. Nov. 10, 2021).

searched the location where he was arrested and seized several firearms, some ammunition, large quantities of controlled substance, numerous cell phones, and two digital video recorders (DVRs). Def. App. 1, ¶ 5 (ECF No. 42). Except for the firearms and the ammunition, Dallas PD took custody of all the seized property. *Id.* ¶ 6.

Estrello filed a *pro* se motion (ECF No. 1) and an amended motion (ECF No. 28) for the return of seized property.[2] In his amended motion, he seeks only the return of an iPhone VI. Am. Mot. 1; *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

Defendant the United States filed a motion asking the Court to deny Estrello's request for return of the iPhone VI and grant summary judgment in its favor of because the United States is not in possession of the requested property. *See generally* Mot. Summ. J. Br. (ECF No. 41). Estrello did not file a response.

### Legal Standards and Analysis

"Rule 41(g) of the Federal Rules of Criminal Procedure permits '[a] person aggrieved . . . by the deprivation of property [to] move for the property's return.'" *Jacobo-Flores v. United States*, 2008 WL 4415146, at *2 (S.D. Tex. Sept. 24, 2008)

---

[2] Because the property at issue was seized in the Northern District of Texas, the court in the Eastern District of Texas ordered that Estrello's case be transferred to here. *See* ECF No. 21; ECF No. 22.

(quoting Fed. R. Crim. P. 41(g)) (alterations in original). Such a motion "brought after the criminal proceeding is over is treated as a civil equitable action for return of property" and invokes "the Court's general equity jurisdiction under 28 U.S.C. § 1331." *Id.* (citing *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007)). The burden is on the government to show it has a legitimate reason not to return the property to the person from whom it was seized. *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (per curiam). The district court's denial of a Rule 41(g) motion filed after the criminal proceedings have concluded is treated as a summary judgment in favor of the government. *Id.*

"[A]ppropriate circumstances exist for a Rule 41(g) motion only if the United States possesses the property." *Hill v. United States*, 296 F.R.D. 411, 414 (E.D. Va. 2013) (citing *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997)); *see also Bailey*, 508 F.3d at 740 ("If the district court finds that the government no longer possesses the [item sought, the] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g).") (citing *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998)).

As shown by the uncontroverted evidence submitted by Defendant, the federal government "is not in possession" of the iPhone VI Estrello seeks. Def. App. 1, ¶ 4. Although DEA agents and Dallas PD officers seized multiple cell phones,

Dallas PD—not the DEA—took custody of those phones.[3] *Id.* at 1–2, ¶¶ 6–7. Estrello has not identified any evidence to raise a fact question that the federal government has possession of the iPhone VI. Therefore, the Court must deny Estrello's motion "because the government cannot return property it does not possess." *Bailey*, 508 F.3d at 740; *see also Peña*, 157 F.3d at 987 (finding that Rule 41 motion for return of property that had been destroyed was properly denied).

## Recommendation

For the reasons stated, the District Judge should deny Estrello's request for return of the iPhone and grant summary judgment in Defendant's favor because the United States is not in possession of the requested property.

**SO RECOMMENDED.**

June 27, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[3] Despite not having possession of the iPhone VI, the government has coordinated with Dallas PD to offer to return the phone, pending instructions from Estrello. Def. App. 7. And if Estrello fails to provide the government with appropriate instructions, the iPhone VI will be returned to him upon his release from custody. *Id.*

4

## <u>INSTRUCTIONS FOR SERVICE AND</u><br><u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The Clerk of Court will serve a copy of this report and recommendation on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within five days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); Agreed Motion to Shorten the Objections Period (ECF No. 49). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).